State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65595260
Date: Apr 23 2020 11:03AM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| CARLOS HENDRIX, CEDRIC HENDRIX,<br>Individually and MELITON BARRON,<br>Individually and as Executor of The<br>Estate of CATHERINE HENDRIX,<br>Deceased, | )<br>)<br>)<br>)<br>)<br>) Civil Action File No. |
|    Plaintiffs, | )<br>) |
| v. | )<br>) _____ |
| ARBOR TERRANCE AT CASCADE, LLC,<br>THE ARBOR BARRINGTON COMPANY,<br>LLC, d/b/a THE ARBOR COMPANY, THE<br>ARBOR CP, LLC, THE ARBOR HOLDING<br>COMPANY, LLC ARBOR<br>MANAGEMENT SERVICES, LLC JOHN<br>DOE NO. 1 and AUDRIENNE STEVENS, | )<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |
|    Defendants. | )<br>) |

### COMPLAINT

**COME NOW**, Plaintiffs Carlos Hendrix and Cedric Hendrix, Individually and Meliton

Barron, Individually and as Executor of the Estate of Catherine Hendrix ("Plaintiffs") and file this

Complaint against Defendants Arbor Terrace At Cascade, LLC, The Arbor Barrington Company,

d/b/a The Arbor Company, The Arbor Holding Company,  LLC, The Arbor, CP, LLC, Arbor

Management Services, LLC, and Audrienne Stevens (collectively "Defendants"), as follows:

### I. JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction over this action for money damages arising from

     injuries proximately caused by the tortious acts of the Defendants.

2.     Venue is proper in this Court as Defendants.

     .

1

## II.    PARTIES

3.    Plaintiffs are citizens of the state of Georgia.

4.    Defendant Arbor Terrace At Cascade, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and  may be served with Summons and a copy of the Complaint  through its registered agent for service of process, Mark W. Forsling at 127 Peachtree Street, #1600, Atlanta, Ga. 30303 and is subject to the jurisdiction of this court.

5.    Defendant The Arbor Barrington Company d/b/a The Arbor Company is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and  may be served with Summons and a copy of the Complaint  through its registered agent for service of process, Mark W. Forsling at 127 Peachtree Street, #1600, Atlanta, Ga. 30303 and is subject to the jurisdiction of this court and is subject to the jurisdiction of this court.

6.    Defendant The Arbor Holding Company, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and  may be served with Summons and a copy of the Complaint  through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court.

7.    Defendant The Arbor CP, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of

the Complaint  through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court.

8.   Defendant Arbor Management Services, LLC is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and  may be served with Summons and a copy of the Complaint  through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court..

9.   Defendant John Doe No. 1 is a corporation or limited liability that owned, operated or managed Arbor Terrace At Cascade, and who will be more fully identified through discovery.

10.   Audrienne Stevens is the Executive Director of Arbor Terrace At Cascade and may be served with a copy of Summons and her Complaint at 7017 Roseland Circle, Douglasville, Ga. 30134. Ms. Stevens is subject to the jurisdiction of this court

### III.    FACTUAL ALLEGATIONS

11.   Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-10 of Plaintiff's Complaint as if fully set forth herein.

12.   Arbor Terrace At Cascade is a senior citizen's independent and assisted living facility located at 1001 Research Center, Atlanta, Ga. 30331.

13.   Arbor Terrace At Cascade, LLC does business as Arbor Terrace at Cascade ("Arbor Terrace).

3

14.     Arbor Terrace At Cascade is owned and operating by Defendant The Arbor Barrington Company d/b/a The Arbor Company and/or Defendant The Arbor Holding Company, LLC and/or Defendant The Arbor, CP and/or Arbor Management Services, LLC.

15.     Arbor Terrace At Cascade is managed by Defendant Arbor Management Services, LLC.

16.     On or about October 11, 2017, Catherine Hendrix became a resident of Arbor Terrace.

17.     She was 80 years of age.

18.     She lived in the independent living section of Arbor Terrace.

19.     On Dec. 31, 2020, the government in Wuhan, China, confirmed that health authorities were treating dozens of cases of respiratory infections.  Days later, researchers in China identified a new virus that had infected dozens of people in Asia.

20.     That virus is now known as the Coronavirus or Covid-19.

21.     Covid-19 is an infectious virus that attacks the respiratory system of its human hosts.

22.     Elderly people and people with compromised immune systems are particularly susceptible to significant complications and death from Covid 19.

23.     On Jan. 11, Chinese state media reported the first known death from the virus.

24.     On January 30, 2020, amid thousands of new cases in China, a public health emergency of international concern was officially declared by the World Health Organization ("W.H.O.").

25.     On February 28, 2020, the first coronavirus patient died in the United States as the number of global cases rose to nearly 87,000.

26.     On March 11, 2020, Arbor Terrace announced restrictions on outside visitation and contact among residents due to Covid -19, these restrictions were to commence on March 12, 2020. Those restrictions were circulated via email by Defendant Audrienne Stevens.

27.   Visits to residents were allowed until noon on March 12, 2020.

28.   After these restrictions were put in place, Arbor Terrace, by and through its employees failed to comply with restrictions in ways including, but not limited to:

      a.   Staff failing to wear Personal Protective Equipment;

      b.   Asymptomatic staff who had been exposed to Covid-19 continuing to work at Arbor Terrace; and

      c.   Failing to restrict visitation by individuals from outside of the facility.

29.   On March 26, 2020, Catherine Hendrix was transported to Grady Memorial Hospital via ambulance due to a fever.

30.   On March 27, 2020, Catherine Hendrix tested positive for Covid-19.

31.   On March 28, 2020, Ms. Hendrix was put on a ventilator.

32.   She remained on a ventilator until April 6, 2020 when she died.

33.   On April 17, 2020 an update was sent to Arbor Terrace residents' families by Judd Harper, President of The Arbor Company wherein he reported the following;

      a.   By April 1, 2020, 13 residents of Arbor Terrace had been hospitalized with positive Covid-19 results;

      b.   By April 6, 2020 Defendants had learned that 29 of its residents had tested positive for Covid-19;

      c.   Since March 26, 2020, at least 15 Arbor Terrace residents who had tested positive for Covid-19 have died.

      d.    At least 34 of the staff at Arbor Terrance have tested positive for Covid-19.

## IV.    <u>NEGLIGENCE OF DEFENDANTS</u>

34.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-33 of Plaintiff's Complaint as if fully set forth herein.

35.    At all times relevant, Catherine Hendrix was a resident of Arbor Terrace At Cascade and an invitee of defendants Arbor Terrace At Cascade LLC, and/or The Arbor Barrington Company d/b/a The Arbor Company and/or The Arbor CP, LLC and/or The Arbor Holding Company, LLC and or Arbor Management Services, LLC and/or Defendant John Doe No. 1.

36.    At all times relevant, said premises were owned, occupied, managed and controlled by Defendants Arbor Terrace At Cascade LLC, and/or The Arbor Barrington Company d/b/a The Arbor Company and/or The Arbor Holding Company, LLC and/or The Arbor CP, LLC and/or  Arbor Management Services, LLC and/or  John Doe No. 1.

37.    At all times relevant, Audrienne Steven was acting in the course and scope of her employment with one or more of the other defendants.

38.    Defendants Arbor Terrace At Cascade, LLC, Audrienne Stevens, The Arbor Barrington Company d/b/a The Arbor Company and/or Defendant The Arbor Holding Company, LLC and/or Defendant Arbor Management Services, LLC and/or Defendant John Doe No. 1. owed a duty to its residents, including Catherine Hendrix, to exercise ordinary care keep the premises and approaches at Arbor Terrace At Cascade safe.

39.    Defendants failed to exercise ordinary care to keep the premises and approaches safe by failing to take and enforce the taking of those precautions designed to prevent the spread of Covid-19 among Arbor Terrace's residence and staff.

40.    Catherine Hendrix contracting Covid-19 was foreseeable to Defendants.

41. Decedent Catherine Hendrix was not aware of the dangerous conditions existent at Arbor Terrace prior to contracting Covid-19, despite exercising ordinary care for her safety while a resident there.

## V.   GROSS NEGLIGENCE

42. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-41 of Plaintiff's Complaint as if fully set forth herein.

43. Defendants' acts and omissions to act for the protection of Catherine Hendrix and its residents, in the face of the grave danger faced by Ms. Hendrix and the other residents of contracting Covid-19 constitute gross negligence.

## VI.   DAMAGES-WRONGFUL DEATH

44. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-43 of Plaintiff's Complaint as if fully set forth herein.

45. As a direct, sole and proximate cause of one or more of the defendants, Plaintiffs are entitled to recover any and all damages resultant from the wrongful death of their mother Catherine Hendrix.

46. Said damages include the full value of Catherine Hendrix's life, including economic damages and non-economic damages including loss of enjoyment of life.

## VII.   DAMAGES-ESTATE CLAIMS

47. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-46 of Plaintiff's Complaint as if fully set forth herein.

48. As a direct, sole and proximate cause of one or more of the defendants, Catherine Hendrix's estate, of which her daughter Meliton Barron has been appointed executor, is entitled to recover any and all damages resultant from the conscious pain and suffering,  that Catherine

Hendrix endured prior to her death any and all damages associated with emotional pain, suffering and anxiety that she experienced prior to her death and all funeral and burial expenses.

## VIII.   <u>PUNITIVE DAMAGES</u>

49.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-48 of Plaintiff's Complaint as if fully set forth herein.

50.    In late February and early March of 2020, Defendants were well aware of the dangers of Covid-19 transmission to it elderly residential population.

51.    Despite the clear and obvious need for adequate preventive measures to protect its residents from Covid-19 transmission, Defendants failed to timely institute such measures and failed to enforce full compliance.

52.    Said failure was willful, wanton and in clear disregard for the consequences, entitling Plaintiffs to an award of punitive damages pursuant to the provision of O.C.G.A. § 51-12-5.1.

WHEREFORE, Plaintiffs demand the following:

a) That this action of this action be taxed against the Defendants;

b)  That all costs be taxed against the Defendants;

c) That judgment be entered in favor of the Plaintiffs and against the defendants in an amount to be proven at trial and determined by the enlightened conscience of a fair and impartial jury, and

d) That the Court award any additional alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 23rd day of April 2020.

/s/ Roderick E. Edmond
Roderick E. Edmond
Georgia State Bar No. 239618
Keith L. Lindsay
Georgia State Bar No. 452995
William J. Atkins
Georgia State Bar No. 027060
Attorneys for Plaintiffs

**EDMOND, LINDSAY & ATKINS, LLP**
344 Woodward Avenue, S.E.
Atlanta, Georgia 30312
(404) 525-1080 Telephone
(404) 525-1073 Facsimile
klindsay@edmondfirm.com
drrod4u@edmondfirm.com
batkins@edmondfirm.com